<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

JODY CIONGOLI,                          :
                                        :
    Plaintiff,                          :    Civil Action No. 15-7449 (SRC)
                                        :
    v.                                  :    **OPINION**
                                        :
COMMISSIONER OF SOCIAL                  :
SECURITY,                               :
                                        :
    Defendant.                          :
_____:

<u>**CHESLER, District Judge**</u>

       This matter comes before the Court on the appeal by Plaintiff Jody Ciongoli ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

       In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning October 1, 2007. A hearing was held before ALJ Kimberly L. Schiro (the "ALJ") on October 29, 2014, and the ALJ issued an unfavorable decision on February 17, 2015, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

       In the decision of February 17, 2015, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of work, but limited to simple, routine tasks, no public contact, no teamwork, and some other similar nonexertional limitations.  At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform her past relevant work as an accounting clerk.  At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) the ALJ minimized the claimant's complaints without properly evaluating them; and 2) "the ALJ failed to properly consider the importance of Ms. Ciongoli's treating doctors, the results of her diagnostic imaging and the numerous surgical procedures that she has undergone, and this lead the ALJ to a decision that was against the weight of the evidence."  (Pl.'s Br. 6.)  Plaintiff's brief does not, however, either develop or support these arguments.  The argument section of Plaintiff's brief is two and one-half pages long, and the majority of that is boilerplate statements of case law.  Plaintiff does not cite to any specific evidence of record, nor provide any explanation about which complaints, which treating doctors, what diagnostic imaging, or which surgical procedures she contends that the ALJ did not properly consider.  This leaves the Court at a loss to carefully consider and evaluate Plaintiff's arguments.

The Commissioner's brief reviews the ALJ's decision and contends that it is supported

by substantial evidence.  In roughly six and one-half pages of discussion, the Commissioner plentifully cites specific evidence of record, giving page numbers in the transcript.  Moreover, the Commissioner contends that the ALJ did not err by ignoring the opinions of treating physicians because the record contains no treating physician opinions.  Plaintiff did not file a reply brief.

The Commissioner argues that the ALJ's residual functional capacity determination is supported by the opinions of the state agency physicians – and cites to the reports of Drs. Goytia and Yeager.  (Tr. 71, 86.)  The Commissioner discusses as well many other pieces of medical evidence of record, each accompanied by a specific citation to a page in the record.

The Third Circuit has stated:

> It has been oft-noted that "Judges are not like pigs, hunting for truffles buried in the record."  And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments.

United States v. Claxton, 766 F.3d 280, 307, 61 V.I. 715 (3d Cir. 2014) (citations omitted). Plaintiff has not taken heed of this admonition.  In order to evaluate Plaintiff's argument, this Court would have had to comb the record, hunting for evidence that the ALJ overlooked.  This is Plaintiff's counsel's job, not this Court's.

Furthermore, Plaintiff's case on appeal suffers from a failure to come to grips with the harmless error doctrine.  The Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  Id. at 410.

3

Plaintiff here has neither persuaded this Court that the ALJ erred, nor met her burden of showing that any errors caused her legal harm.

This Court reviews the Commissioner's decisions under the substantial evidence standard. This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

Plaintiff thus bears the burden of showing that the ALJ's determination was not supported by substantial evidence. Plaintiff has not done so. This Court has reviewed the ALJ's decision and finds that the ALJ's decision is supported by substantial evidence.

Plaintiff has failed to persuade this Court that the ALJ erred in her decision or that she was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

   s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: November 16, 2016